UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Samuel Lamont Whitner, #263066, | ) | C/A: 6:12-405-HMH-JDA |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Christy Kednocker Sustakovitch, Solicitor for the Thirteenth Judicial Circuit; Bobby Bradford, Detective for the Greenville County Police Dept.; William M. Blitch, Jr., Asst. Attorney General, | ) | |
| Defendants. | ) | |

The plaintiff, Samuel Lamont Whitner ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. This matter is before the Court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) District of South Carolina. Plaintiff is an inmate at Broad River Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Plaintiff claims that Defendants violated his constitutional rights during his criminal trial and proceedings attendant thereto.[1] As compensation, he seeks monetary and declaratory relief. Having reviewed the Complaint in accordance with applicable law, the Court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

---

[1] 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corrections*, 64 F.3d 951 (4th Cir. 1995) (en banc); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "'lacks an arguable basis either in law or in fact.'" *Denton*, 504 U.S. at 31 (quoting *Neitzke*, 490 U.S. at 325). Hence, under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *McLean v. United States,* 566 F.3d 391, 404 (4th Cir. 2009),

This Court is required to liberally construe pro se complaints. *Erickson v. Pardus*,

---

[2] Screening pursuant to 28 U.S.C. § 1915A is subject to this same standard.

551 U.S. 89, 94 (2007). Such complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* complaint to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Thus, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure). The United States Supreme Court has recently made clear that, under Federal Rule of Civil Procedure 8, a plaintiff in a civil action must do more than make mere conclusory statements to state a claim. *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain

sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[3] *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570. Additionally, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff is currently serving a thirty-year sentence for criminal sexual conduct with a minor, first degree, arising out of contact with his daughter. *See* South Carolina Department of Corrections Incarcerated Inmate Search, https://sword.doc.state.sc.us/scdc-public/ (last visited Mar. 3, 2012).[4] Essentially, Plaintiff alleges that Defendants violated his Fourth and Fourteenth Amendment constitutional rights, and also South Carolina statutory law, in using an audiotape that his ex-wife had obtained of a telephone conversation between Plaintiff and his daughter which had been recorded without the knowledge of either Plaintiff or his daughter. Plaintiff requests unspecified punitive and actual damages, as well as declaratory relief, against Defendants.

A plaintiff, however, cannot recover damages on a § 1983 civil rights claim for

---

[3] Although the *Iqbal* Court was addressing pleading standards in the procedural context of a Federal Rule of Civil Procedure (FRCP) 12(b)(6) motion, the Court finds that those standards also apply in its initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, since *Iqbal* discusses the general pleading standards of FRCP 8, which apply in all civil actions. *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949-51. Moreover, §§ 1915(e)(2) and 1915A(b) permit sua sponte dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in FRCP 12(b)(6). *See McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail [ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").

[4] The court may take judicial notice of public records. *See, e.g.*, Fed. R. Evid. 201(b)(2); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

allegedly unconstitutional conduct leading to a conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnote omitted).

Plaintiff states that he filed a prison grievance in the matter, but that it was dismissed. (ECF No. 1 at 2.) As Plaintiff has not indicated that his conviction has been invalidated, he cannot pursue this action under 42 U.S.C. § 1983.

## RECOMMENDATION

Accordingly, the Court recommends that the Complaint in the above-captioned case be dismissed *without* prejudice.

s/Jacquelyn D. Austin

March 5, 2012  
Greenville, South Carolina

Jacquelyn D. Austin  
United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>300 East Washington Street, Room 239
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).